STOULIG, Judge,
dissenting.
I respectfully dissent.
Under the provisions of Zoning Ordinance # 66-3-11 of St. Charles Parish, its Police Jury had 90 days within which to act, by either a yea or nay vote, on a pending petition for the rezoning of property. Failing to do so would in effect constitute a rejection of the petition and under the terms of said ordinance the police jury could not entertain any further petitions for a reclassification of the same property for a period of two years.
This zoning ordinance lacks specificity as to when the 90-day period will commence to *72 run. Because of this omission and the resulting vagueness, the experts have a divergence of opinion as to when the 90-day period begins under the reclassification procedure set forth in the ordinance. In fact, one expert gave three different points in time when the period began when confronted with circumstances which would render the application of this time limit impractical and absurd. From the testimony adduced the precise moment when the time limitation began to run is not ascertainable and therefore one cannot, without speculating, determine if the Police Jury’s action was timely.
In my opinion the evidentiary posture of this case is such as to warrant the conclusion that the plaintiffs have failed to bear the burden of proof necessary to invalidate and nullify Ordinances Nos. 66-3-527, 66-3-528 and 66-3-529 of St. Charles Parish for the want of compliance with the 90-day time limit of Zoning Ordinance No. 66-3-11 of St. Charles Parish.